Allen R. Ball, Esq., (State Bar #124088)
aball@ballandyorkelaw.com
**Law Office of BALL & YORKE**
1001 Partridge Drive, Suite 330
Ventura, California 930032
(805) 642-5177; (805) 642-4622 Fax

**Attorney for Plaintiff,
DANA CONRAD**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA CONRAD,<br><br>    Plaintiff,<br><br>vs.<br><br>SIERRA PACIFIC INDUSTRIES, and DOES 1 through 10, Inclusive,<br><br>    Defendants. | Case No.:<br>-Complaint filed:<br>-Assigned:<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>1. **BENEFITS DUE UNDER AN "ERISA" PLAN**<br><br>2. **BREACH OF FIDUCIARY DUTY UNDER "ERISA"**<br><br>[29 U.S.C. §1132(a)(1)(B)<br><br>29 U.S.C. §1104(a)(1)] |

Plaintiff DANA CONRAD ("Plaintiff"), by and through her attorney of records, LAW OFFICE OF BALL & YORKE, hereby sets forth her Complaint for damages, and states and alleges as follows:

- 1 -

## I.

## **PARTIES & JURISDICTION**

1. This action arises under the Employee Retirement Income Security Act of 1974 (29 U.S.C. §1001, et. seq.) Plaintiff's action to recover benefits due to her under the plan arises under 29 U.S.C. section 1132(a)(1)(B). Jurisdiction in this forum is proper under 29 U.S.C. §1132(e).

2. Plaintiff DANA CONRAD ("CONRAD") is an individual over the age of twenty-one (21) years old, and is a citizen of the County of Ventura in the State of California.

3. At all relevant times, Plaintiff CONRAD'S Father JAMES JOHN CONRAD was employed by SIERRA PACIFIC INDUSTRIES.

4. Defendant SIERRA PACIFIC INDUSTRIES is a corporation headquartered in the City of Redding, in the State of California.

5. At all relevant times, Defendant SIERRA PACIFIC INDUSTRIES ("SIERRA PACIFIC") was the administrator of the SIERRA PACIFIC INDUSTRIES HEALTH BENEFITS Plan ("the Plan") provided to CONRAD through her father, an employee of SIERRA PACIFIC. Attached hereto as "Exhibit A" is a true and correct copy of the Plan.

6. Plaintiff is unaware of the true names and capacities of defendant DOES 1 through 10 and, for that reason, sues DOES by such fictitious names. Plaintiff will seek leave to amend the complaint when the names and identities of these fictitiously named defendants become known. Plaintiff is informed and believes, based upon such information and belief, alleges that each of said defendant DOES was and is responsible in some manner or capacity for the events stated herein and caused injury and damages to Plaintiff. Each reference in this complaint to "defendant," "defendants" or a specifically named defendant refers also to all defendants sued under fictitious names.

7.  Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each of the Defendants were the agent, servant, employee, employer, or principal of one, all, or some of the remaining defendants and are responsible to Plaintiff for the acts and damages alleged herein.

8.  This action is an unlimited civil action as the amount demanded is more than Twenty Five Thousand Dollars ($25,000.00).

## II.

## FACTUAL HISTORY AND GENERAL ALLEGATIONS

### A. Plaintiff Suffered a Covered Loss

9.  On or about June 11, 2013, CONRAD sustained a serious bodily injury, as a result of being thrown off the back of a jet ski which was traveling at a high rate of speed.

10. At the time that CONRAD sustained the bodily injury, she was covered under the ERISA Policy, issued and administered by SIERRA PACIFIC, Identification Number SRQ SP0000130, Group Number 172119M3A1, Plan Code 040, for employee, JAMES JOHN CONRAD.

11. Plaintiff is informed, believes and thereon alleges that Defendant SIERRA PACIFIC and DOES 1 through 10, inclusive and each of them, owed a duty to pay medical expenses which are covered by the ERISA policy provided to Plaintiff, by Defendant SIERRA PACIFIC and DOES 1 through 10, inclusive and each of them.

### B. Plaintiff Made a Timely Request for Coverage

12. Plaintiff submitted timely requests for medical payments to her insurer.

13. A plan administrator may not fail to give a reason for a benefits denial during the administrative process and then raise that reason for the first time when the denial is challenged in Federal Court.

- 3 -

PLAINTIFF'S COMPLAINT

14. On or about August 30, 2013 Plaintiff requested an Explanation of Benefits for all medical billings received in relation to Defendant SIERRA PACIFIC's Claim Number 2377486.

15. On November 25, 2013, Plaintiff submitted a formal request for payment of the following covered medical expenses:

   a. Mercy Hospital of Bakersfield; 6-11-13; $24,261.82;
   b. CALSTAR Critical Care in Motion; 6-12-13; $25,785.90;
   c. Colorectal Surgery Institute – Peter Vukasin, M.D.; 8-19-13; $171.06;
   d. Colon and Rectal Surgery – Zuri A. Murrell, M.D.; 6-12-13; $4,884.57;
   e. Glendale Mem Hosp & Health Ctr; 8-19-13; $2,402.57;
   f. Community Memorial Hospital; 8-23-13; $7,898.00; and,
   g. Erwin B. Clahassey, M.D.; 8-23-13; $160.00.

16. These medical expenses were covered by the SIERRA PACIFIC health plan.

17. Defendant, SIERRA PACIFIC and DOES 1 through 10, inclusive and each of them, failed to provide coverage for these medical expenses, in some instances, without providing any Explanation of Benefits or any documentation in support of their decisions not to pay all outstanding medical expenses.

   C.  <u>Plaintiff's Claim for Coverage was Denied in Part Without Justification</u>

18. SIERRA PACIFIC and DOES 1 through 10, inclusive and each of them, wrongfully refused to pay the balance of CONRAD'S medical expenses incurred in the covered loss, as provided by the health plan.

19. On or about November 25, 2013, Plaintiff submitted an Appeal to Defendant SIERRA PACIFIC.

- 4 -

PLAINTIFF'S COMPLAINT

20. Defendant SIERRA PACIFIC and DOES 1 through 10, inclusive and each of them, has not provided the information requested in Plaintiff's Appeal, and has provided no explanation of their decision to deny portions of the medical billings submitted under Claim Number 2377486 - providing solely explanation of benefits for some, but not all claims, that stated only that the Plan paid reasonable medical expense. No documentation material or explanation has ever been provided to establish or justify the Plan unilateral determination as to what is on is not a "reasonable" medical expense.

## III.
## FIRST CAUSE OF ACTION
## BENEFITS DUE UNDER AN "ERISA" PLAN
(As to and against All Defendants)

21. Plaintiff restates and incorporates by reference paragraphs 1 through 20 of this complaint, as though fully set forth herein.

22. Plaintiff's action to recover benefits due to her under the plan arises under 29 U.S.C. section 1132(a)(1)(B). Jurisdiction in this forum is proper under 29 U.S.C. §1132(e).

23. Plaintiff CONRAD, has incurred covered medical expenses, submitted the claim to their insurer, and rather than provide coverage, Defendant SIERRA PACIFIC has denied full payment of Dana Conrad's medical expenses.

24. Plaintiff has exhausted her pre-litigation administrative remedies.

25. As a proximate result of Defendant SIERRA PACIFIC's and DOES 1 through 10, wrongful failure to pay benefits due, CONRAD has, and will continue to, incur attorney's fees and costs in an amount to be proven at trial.

///

///

## IV.

## SECOND CAUSE OF ACTION

## BREACH OF FIDUCIARY DUTY UNDER "ERISA"

(As to and against All Defendants)

26. Plaintiff restates and incorporates by reference paragraphs 1 through 25 of this complaint, as though fully set forth herein.

27. Plaintiff CONRAD's action for breach of fiduciary duty arises under 29 U.S.C. §1104(a)(1). Jurisdiction in this forum is proper under 29 U.S.C. §1132(e).

28. At all relevant times, CONRAD was the beneficiary of the Plan.

29. At all relevant times, SIERRA PACIFIC and DOES 1 through 10, inclusive and each of them, was the named fiduciary, administrator, and trustee with regard to the Plan, within the meaning of 29 U.S.C. §1102(a).

30. At all SIERRA PACIFIC and DOES 1 through 10, inclusive and each of them, was the named fiduciary, administrator, and trustee with regard to the Plan, within the meaning of 29 U.S.C. §1102(a); and as such, SIERRA PACIFIC is subject to 29 U.S.C. §1132(c)(1), which provides for personal liability against any plan administrator who fails or refuses to comply with a request for any information which such administrator is required to furnish to a participant or beneficiary.

31. At all relevant times, SIERRA PACIFIC and DOES 1 through 10, inclusive and each of them, was directly responsible for accepting or denying medical claims submitted by individuals covered by the Plan.

32. SIERRA PACIFIC's and DOES 1 through 10, acceptance or denial of medical claims was an exercise of discretionary authority.

33. SIERRA PACIFIC and DOES 1 through 10, inclusive and each of them, had a fiduciary duty to act exclusively in the interest of CONRAD, a beneficiary of the Plan.

34. As a proximate result of SIERRA PACIFIC's and DOES 1 through 10, wrongful failure to pay benefits due, CONRAD has, and will continue to, incur attorney's fees and costs in an amount to be proven at trial.

35. Defendant SIERRA PACIFIC's and DOES 1 through 10, denial of CONRAD's medical claims was an arbitrary and capricious exercise of discretionary authority.

36. Defendant SIERRA PACIFIC and DOES 1 through 10, inclusive and each of them, breached its fiduciary duty by irrationally denying CONRAD's medical claims and thereby failed to act prudently in the interests of CONRAD, a beneficiary of the Plan.

37. As a proximate result of SIERRA PACIFIC's and DOES 1 through 10, wrongful failure to pay benefits due, CONRAD has been damaged in an amount to be proven at trial.

38. As a proximate result of SIERRA PACIFIC's and DOES 1 through 10, wrongful failure to pay benefits due, CONRAD has, and will continue to, incur attorney's fees and costs in an amount to be proven at trial.

**WHEREFORE, CONRAD prays for judgment as follows:**

**FIRST CAUSE OF ACTION – BENEFITS DUE UNDER THE PLAN:**

1. For SIERRA PACIFIC and DOES 1 through 10, inclusive and each of them, to be found as failing to pay benefits due to CONRAD and for those damages which are proximate consequences of SIERRA PACIFIC's failure to pay benefits due, with interest thereon at the legal rate from and after July 11, 2013, according to proof at trial;
2. For costs of suit herein incurred;
3. For such other and further relief as the Forum may deem just and proper;
4. For attorney's fees;
5. For pre-judgment interest at the maximum legal rate; and,
6. For such other and further relief as the Court may deem just and proper.

**SECOND CAUSE OF ACTION – BREACH OF FIDUCIARY DUTY:**

1. For SIERRA PACIFIC and DOES 1 through 10, inclusive and each of them, to be found as having breached its fiduciary duty to CONRAD and for those damages which are proximate consequences of SIERRA PACIFIC's aforementioned breach, with interest thereon at the legal rate from and after July 11, 2013, according to proof at trial;
2. For personal liability of up to $100.00 a day from the date of SIERRA PACIFIC'S failure or refusal to comply with Plaintiff's request for information which such administrator is required to furnish to a participant or beneficiary – pursuant to 29 U.S.C. §1132(c)(1);
3. For costs of suit herein incurred;
4. For such other and further relief as the Forum may deem just and proper;
5. For attorney's fees;
6. For pre-judgment interest at the maximum legal rate; and,
7. For such other and further relief as the Court may deem just and proper.

Dated: May 21, 2014.              LAW OFFICE OF BALL & YORKE

                                  _____
                                  ALLEN R. BALL, ESQ.
                                  Attorney for Plaintiff,
                                  DANA CONRAD